# Jackson *v.* The State.

## Indictment for Larceny.

*Declarations made by one defendant; when jury may consider, with reference to co-defendant.*—Where two persons are found in company, traveling together at a late hour of the night, each having cotton, declarations made by one of them (upon their being halted and questioned) that the cotton each had came out of prosecutor's field, may be submitted to the jury as against both, although the other asserted that the cotton he had came from his field; leaving it for
VOL. LIV.

the jury to determine from the denial, in connection with the other evidence in the case, whether both were engaged in the consummation of a common illegal design, and if so, to consider the declarations of one as original evidence against the other

APPEAL from City Court of Montgomery.

Tried before Hon. JOHN A. MINNIS.

The appellant, Ben Jackson, and one Jack Falkner, were indicted and convicted for larceny of cotton, "part of an outstanding crop."

On the trial a witness testified, that "about 11 o'clock at night, he and others who were guarding a crop, some three miles from the residence of the prosecutor Hails, and saw the prisoners coming along the line of the Montgomery and Eufaula railroad with something on their heads. They were halted and asked what it was. Ben Jackson and Jack Falkner both answered "cotton." Ben said the cotton he had was his own, and he had gathered it out of his patch; the prisoner Jack said, "My God; I am just out of one scrape, and now Benny has got me into another," and stated that the cotton they both had, Ben had gathered out of Hails' field. Ben denied this, and said he had nothing to do with the cotton Falkner had, and that the cotton he had was gathered out of his own patch. This occurred while the parties were halted and in presence of each other. The attorney of Ben Jackson asked the court to exclude the statements made by Falkner at the time they were halted, and in the presence of Jackson, entirely from the consideration of the jury, so far as Jackson was concerned. "The court refused to do this, and the defendant excepted; but the court told the jury, that as to any subsequent statement made by Falkner, they could not consider them against Jackson—but the statements made at the time they were halted and in the presence of each other, both of Jackson and Falkner, and the denials of Jackson, are left with and to be considered by the jury in connection with all the facts and circumstances proven in the case. To this the defendant Jackson excepted."

SEMPLE & SEMPLE, for appellant.—In a case like this, there is but one ground on which the statements of Falkner can be proved as evidence against appellant. If such statements are made in his presence and tend clearly to his prejudice, and under such circumstances as clearly to demand a reply, and no reply is made, then the maxim, "*qui tacet, consentire videtur*," applies. Even then, they are to be cautiously received and weighed, and the question is one of *law*, unless there is conflict in the manner of making the statement.—6

Ala. 393; 20 Ala. 77. In this case there was an explicit and prompt denial.

JOHN W. A. SANFORD, Attorney General, *contra*, cited 48 Ala. 266; 31 Ala. 145; 49 Ala. 375; 52 Ala. 24.

BRICKELL, C. J.—One person cannot be affected civilly or criminally, by the acts or declarations of another, unless some connection is shown to exist between them—some privity or community of purpose, or of interest. A community of design, and a concert of action, in an unlawful act or enterprise being shown, the acts and declarations of each person to whom it is attributable, in pursuance of the common purpose, in its execution, or in reference to it, while engaged in its consummation, is in contemplation of law, the act and declaration of all, and is original evidence against each and all of them.—1 Green. Ev. § 111; Roscoe's Cr. Ev. 413–418. To authorize the introduction of the declarations or admissions of the one, against the other, the foundation must be laid by proof, addressed to the court, sufficient in its judgment to establish *prima facie* the fact of the community of design, or proper to be laid before the jury, as tending to establish the fact.

Admissions or declarations made by one of several defendants may not be admissible against his co-defendants, but should not be excluded from the jury, as they are admissible against the defendant making them. Their effect should be limited by asking proper instructions to the jury.— 1 Brick. Dig. 835, § 429. The acquiesence of a person, in a statement affecting him, made by another, or his silence where an accusation is preferred, or a claim made against him, if he was in a situation to dissent from, or to deny it, is an implied admission of the truth of the statement, or charge, or claim. This kind of evidence is not favored, is always received with great caution, and its admissibility and value depends on the character of the statement, accusation, or claim, the time and place at which it was made, the situation of the party, and the circumstances surrounding him.—1 Brick. Dig. 835, §§ 439–40.

The appellant and another, were jointly indicted for larceny of cotton, a part of an outstanding crop, under the statute of February 20, 1875, (Pamph. Acts 1874–5, p. 260). The State introduced a witness who testified that about 11 o'clock at night, he, with others, were on the line of the Montgomery and Eufaula railroad, guarding a crop—that he saw the two defendants coming along the railroad, with something on their heads; on being halted and inquiry made of

them, as to what they had, each said cotton. The appellant said the cotton he had was his own, and he had gathered it from his patch; his co-defendant said the cotton each had, had been gathered out of the field of the prosecutor. The appellant denied this, saying he had nothing to do with the cotton his co-defendant had, and repeated, the cotton he had was his own, gathered from his own patch. The appellant moved the court, on the introduction of this evidence, to exclude from the jury the statement of his co-defendant, so far as he was concerned. The court refused, but then instructed the jury that the statements of the co-defendant, and the denial of the appellant, must be considered by them in connection with all the other facts and circumstances in the case; but that no subsequent statements made by the co-defendant could be considered as evidence against the appellant. To these rulings the appellant excepted.

If the admissibility of the declarations of the co-defendant depended exclusively on the acquiesence of the appellant, or the implication to be indulged because made in his presence, the exception could not be sustained. The right of the appellant was not an exclusion of the evidence when offered, or an instruction then to the jury, limiting its operation and effect to the co-defendant making the declarations. True, the court had a discretion then to instruct the jury as to the operation and effect of the declarations, or to defer the instruction until all the evidence had been introduced, but was not bound to repudiate the declarations until the evidence was all heard.—*Lawson & Swinney v. State*, 20 Ala. 65.

The admissibility of these declarations does not depend, however, on the acquiesence of the appellant in them, or any implication to be made against him because they were made in his presence, If it did, his prompt denial of their truth would have relieved him from all imputation of acquiesence, and rendered them inadmissible, without other evidence connecting him with them. There was sufficient evidence to lay before the jury, that the appellant and his co-defendant were acting together, in the execution of a common purpose. They are found in company, traveling together, at a late hour of the night, each having cotton. These were facts proper to be submitted to the jury, and it was their province to determine from them whether the just inference was, that the defendants were engaged in the consummation of a common design. If such was their inference, the declarations of one would be original evidence against the other. The denial of the other would, so far as he is concerned, be taken in connection with the declarations; as the whole of his confession or declarations, if he was the only party, should be

[Holly v. The State.]

taken together, as well that which is exculpatory, as that which may be criminatory.—1 Green. Ev. § 218.

There was no error, therefore, in the rulings of the city court, and the judgment must be affirmed.

## *Indictment for Larceny.*