## Stearns v. The State.

*Violating Prohibition Law.*

(Decided Feb. 6, 1912. 58 South. 124.)

1. *Indictment and Information; Offenses Included; Conviction.*— Under Section 33, Acts 1909, p. 94, where a person was indicted for unlawfully selling liquor, he may be convicted of acting in the sale as an assisting friend.

2. *Trial; Findings; Province of Jury.*—Although the facts in a cause are undisputed, yet if they are such that reasonable men may conscientiously arrive at different conclusions therefrom, the determination of their effect is for the jury.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ben Stearne was convicted of violating the prohibition law, and he appeals.  Affirmed.

MILO MOODY, for appellant.  No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  The defendant was properly convicted under the evidence on the indictment.—*Winter v. The State,* 132 Ala. 32; *Bond v. The State,* 130 Ala. 117; *Darrington v. The State,* 162 Ala. 60; *Rayfield v. The State,* 167 Ala. 94; Section 33, Acts 1909, p. 94.

[Garner v. The State.]

DE GRAFFENRIED, J.—It has been frequently held that when the facts, although undisputed, are such that reasonable men may reasonably and conscientiously arrive at opposite conclusions from them, such facts present, not a question of law for the court, but a question of fact for the determination of the jury.—*Luke v. Calhoun County,* 52 Ala. 115; *Cole v. Propst,* 119 Ala. 99, 24 South. 884; *Abbott v. Mobile,* 119 Ala. 595, 24 South. 565.

The evidence, considered in the light most favorable to the defendant, shows that he was the assisting friend of either the buyer or the seller of the liquor, and the *assisting friend* in such a transaction may now be convicted upon evidence showing that he was *merely such assisting friend,* upon an indictment charging him with an unlawful sale of liquor.—General and Local Acts Special Session 1909, p. 94, § 33; *Andrew Boyd v. State,* 3 Ala. App. 178, 57 South. 1019. The court, therefore, properly refused to give to the jury the general affirmative charge requested in writing by the defendant.— *Medley v. State,* 156 Ala. 78, 47 South. 218; *Griffin v. State,* 150 Ala. 49, 43 South. 197; *McCormack Co. v. Lowe,* 151 Ala. 313, 44 South. 47.

The judgment of the court below is affirmed.

Affirmed.