## Ex Parte Adams.

### Keeping Gaming Table.

(Decided May 14, 1914. 65 South. 514.)

1. *Criminal Law; Illegal Sentence; Reversal.*—Where there was no error in the record prior to the sentence, but the sentence was illegal, the Court of Appeals properly reversed as to the sentence and remanded for proper sentence, and did not thereby put the defendant twice in jeopardy for the same offense.

2. *Same; Hearing; Jurisdiction.*—Where an application for rehearing in the Court of Appeals was filed within the time allowed by law, the court did not lose its power to hear and determine the application and reconsider its former judgment by the reason of the lapse of more than four months between the filing of the application, and the time it was ruled on.

3. *Same; Jurisdiction; Subsequent Term.*—Unless the continuity of the proceedings was preserved by an appeal, the submission by defendant to an illegal sentence did not cure the illegality or give the trial court jurisdiction to impose another sentence at a subsequent term.

4. *Appeal and Error; Matters Shown.*—Where a fact nowhere appears except in brief of counsel, it cannot be considered by the Appellate Court on appeal.

5. *Same; Decisions Reviewable.*—Where the Court of Appeals reversed as to the sentence and remanded so that a proper sentence might be imposed, the appellant could not raise the question of the constitutionality of the imposition of another sentence by certiorari to the Supreme Court.

ORIGINAL petition in the Supreme Court.

James Adams was convicted for keeping a gaming table and he appealed to the Court of Appeals, who affirmed the judgment up to the sentence, but remanded the cause to the lower court for the imposition of a proper sentence, and defendant brings certiorari to review the judgment and opinion of the Court of Appeals. Writ denied.

For former report of this case see 9 Ala. 89, 64 South. 371.

L. A. SANDERSON, for petitioner. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

SAYRE, J.—From the record transmitted to this court by the Court of Appeals, from the original opinion of the Court of Appeals and its response to petitioner's application for a rehearing, and from notations of judgment made upon the record by the Court of Ap-

peals, it appears: That petitioner was indicted, tried, and convicted in the city court of Montgomery for keeping a gaming table contrary to the statute, section 6985 of the Criminal Code; that he was sentenced to imprisonment in the penitentiary for the term of six months; that pending an appeal to the Court of Appeals sentence was suspended and petitioner admitted to bail; that the judgment and sentence of the trial court were at first affirmed; that afterwards the judgment of affirmance was set aside, the judgment and proceedings in the trial court were then affirmed down to the sentence, and the sentence alone was reversed, and the cause remanded in order that a proper sentence might be pronounced; that petitioner then made application for a rehearing, which was overruled. Petitioner now complains to this court that his application for a rehearing in the Court of Appeals was erroneously overruled; the effect of his argument being that, when the Court of Appeals ascertained and pronounced the sentence to be void, it should have ordered his discharge from custody. This contention is based upon the constitutional principle that no person shall, for the same offense, be twice put in jeopardy, nor be deprived of life, liberty, or property except by due process of law.

The sentence pronounced upon petitioner by the trial court was in contravention of the statute (Code, § 7620), was certainly without the power of the court in the particular case, was illegal, and, if the case had passed beyond the control of the court, would have authorized and required petitioner's discharge from confinement in the penitentiary on a writ of habeas corpus, according to some of our authorities.—*Ex parte Brown,* 102 Ala. 179, 15 South. 602; *Ex parte McKivett,* 55 Ala. 236. The case of *Ex parte Simmons,* 62 Ala. 416, looks to the contrary. However this may be, on the record be-

fore us, the judgment of reversal in the Court of Appeals, to the sole end that a proper sentence might be pronounced in the trial court, had authority of law and was correct.—*Ex parte Robinson,* 183 Ala. 30, 63 South. 177. This being the entire record presented for review, for aught we do know or can know in the exercise of revisory jurisdiction over the Court of Appeals, petitioner's case, upon its remandment to the trial court, will come before that court for final disposition in pursuance of the last judgment of reversal rendered by the Court of Appeals, at which time petitioner may show to the court any good reason that may have arisen pending the appeal why sentence to hard labor for the county should not be pronounced according to the law against which he has offended.

It appears that more than four months elapsed between petitioner's application to the Court of Appeals for rehearing and the date upon which it was overruled at a succeeding term. But the application was filed within the time prescribed by the rule made for such cases, and the Court of Appeals had not lost its power to hear and determine the application or reconsider its judgment by reason of the intervening lapse of its term. Its judgment in that behalf is therefore subject to review in this court. It is stated in brief for petitioner that, after the judgment and sentence in his case had been affirmed on appeal, his bail surrendered him to the sheriff of Montgomery county, after which he was confined in the penitentiary, whence, after the lapse of some time, he was released, for what reason we can only surmise, and that this was the state of his case when he applied to the Court of Appeals for a rehearing, and these the facts upon which his application should have been granted. He affirmed very positively that he has suffered punishment against his will, and inquires, in

the language of *Ex parte Lange,* 18 Wall. 173, 21 L. Ed. 872:

"Of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict?"

But this statement of the fact of petitioner's confinement in the penitentiary nowhere appears except in the brief of counsel, and, obviously, it can have no consideration here. Nor, for aught appearing of record, was it so brought to the attention of the Court of Appeals as to be entitled to any influence in shaping the judgment of that court on the application for rehearing. That court did, however, considering the question raised by the suggestion of counsel, proceed to a statement of the reasons for its opinion that "a partial execution" of the sentence was no bar to another sentence on the same conviction. We think it may be safely assumed that petitioner's confinement in the penitentiary, if we might consider counsel's statement of the fact in his brief for any purpose whatever, was by virtue of the only sentence appearing so far to have been pronounced upon him, after it had been affirmed and merged in the judgment of the Court of Appeals, before the case had been reversed for a new sentence, and while the judgment and sentence of the trial court yet stood with the approval of the Court of Appeals as the law of the case.

Petitioner had no opportunity to bring the fact of his actual punishment by imprisonment to the attention of any court in advance of the fact, and of course he has not waived the precise point he now takes. He might have made the suggestion, at the time he heard his sentence, that the statute prohibited his punishment in the penitentiary, and the suggestion might have been made to the Court of Appeals as a cause for reversal. With-

out indulging speculation as to why he did not, it seems clear under the decisions of this court that his mere submission to sentence, or failure to take the point, did not give jurisdiction, did not cure the illegality of the sentence, and, unless the continuity of the proceeding had been preserved by the appeal, it would now be beyond the power of the court to pronounce a sentence different from that pronounced at a former term.—*Ex-parte State in re Newton,* 94 Ala. 431, 10 South. 549; *Clanton v. State,* 96 Ala. 111, 11 South. 299.

Whether petitioner's confinement in the penitentiary in these circumstances was the act of the state, done in pursuance of its judicial authority, the act of the law, or was so absolutely void for every purpose that it must be held to have been merely the personal wrong of the warden, and whether, in view of the fact that on the face of the record the case has been kept within the power of the courts, the specific constitutional objection now urged in argument, depending as it does upon a matter of fact dehors the record, will stand in the way of another sentence, is a question in respect of which grave considerations may be urged, have been urged, on either side. However it may be decided on proper presentation, we are of opinion that our power to hear and determine is not invoked by the record now before us, and we think it desirable and proper—necessary, indeed—to defer its decision until by the action of the trial court petitioner may be put in a position where his right to raise the question may not be doubted and any decision to follow may be authoritative.

For these reasons the writ of certiorari will be denied.

Certiorari denied. All the Justices concur.