# Keife v. The State.

### Keeping Gaming Table.

(Decided January 20, 1916.   70 South. 950.)

1. Gaming; Elements; Keeping Gaming Table.—The offense of keeping a gaming table under § 6985, Code 1907, may be committed by a single act or by a series of acts showing the requisite criminal intent.

2. Same; Place.—The offense denounced by § 6985, Code 1907, is complete if defendant keeps, exhibits, or is interested in keeping or exhibiting a table of any kind or description for gaming, whether in a public or private place.

3. Same; Social Club.—A defendant who operates a table for gaming and takes out money for the house is guilty of the offense denounced by § 6985, Code 1907, although the table was kept by the members of a social club for their own use.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Reuben J. Keife was convicted of keeping a gaming table, and he appeals. Affirmed.

It appears from the evidence that the playing was done at the Beavers' Club, and that the game played was poker, and that defendant on several occasions would deal the cards and take out money for the benefit of the house, as he was a member of the club. Numerous charges were asked seeking to assert the proposition that a table in a social club where a game of cards. is played and money bet on said game of cards by the members only does not constitute a table kept or exhibited for games, or that any one is interested or concerned in keeping or exhibiting; also that the members of a social club are not violating

any law by playing cards and betting on the cards. The other charges refused had reference to reasonable doubt, and as to the burden of proof.

M. F. CAHALAN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) The indictment in this case is for the offense of keeping, exhibiting, or being interested or concerned in keeping or exhibiting a table for gaming, denounced by section 6985 of the Code of 1907.

"The offense of keeping a gaming table may be committed by a single act, or it may be one continuous in its nature, and may therefore be proved by one act, or a series of acts, showing the requisite criminal intention, by the proper measure of proof. The guilty party need not necessarily be engaged in the business of keeping such table, any more than one who keeps a restaurant, or keeps open store on Sunday contrary to law."—*Bibb v. State*, 83 Ala. 91, 3 South. 714.

(2) The offense is complete if the defendant keeps, exhibits, or is interested in keeping or exhibiting a table of any kind or description for gaming, whether it be kept in a public or private place.—*Bibb v. State, supra; Toney v. State*, 61 Ala. 1; *Wren v. State*, 70 Ala. 1; *Martin v. State*, 2 Ala. App. 178, 56 South. 64; *Minto v. State*, 8 Ala. App. 306, 62 South. 376.

(3) The evidence on the part of the state tended to show that the defendant kept or was interested in keeping and exhibiting a table in the rooms occupied by the "Beavers' Club" in the city of Birmingham for gambling; that the defendant was at this table for 20 consecutive days before his arrest, and that during that time scores of persons visited this place and played the game with cards known as "poker" for money; that the defendant was the dealer, and "pinched the pot" for the benefit of the house.

The defendant does not deny the fact, testified to by one of the state's witnesses, that he was, on the occasion just before his arrest, engaged in such game at said table, and admits that he was a member of the club where the table was kept. The defendant's motion to exclude the evidence was properly overruled.—*Brandes v. State*, 10 Ala. App. 239, 65 South. 307. The

fact that the table was kept by the members of the club for their own use was within the statute. The refusal of the charges requested by the defendant was without error.

Affirmed.