# Crawley *v.* The State.

### Violating Prohibition Law.

(Decided November 14, 1916.    73 South. 222.)

1. **Affidavit; Amendment.**—Where the amendment to the affidavit allowed by the court did not appear in the record proper, but only by bill of exceptions, the action of the court in allowing the amendment will not be reviewed on appeal.

2. **Same.**—It was not error to allow the amendment of an affidavit by adding the words "alias" after defendant's name where the amended affidavit was verified by the person who verified the original.

3. **Conspiracy; Acts and Declarations.**—Where two or more persons enter into a conspiracy to commit or accomplish some unlawful act, any act done by any one of them in pursuance of the original conspiracy is the act of all in contemplation of law.

4. **Same; Parties Liable.**—Where two or more persons conspire to commit an unlawful act, each is criminally responsible for the acts of his co-conspirator committed in the prosecution of the common design, and where an unknown person was prima facie guilty under the statute of having prohibited liquors in his possession for sale, etc., persons entering into such common design were guilty of the offense, whether an overt act is done by them or not.

5. **Intoxicating Liquors; Offense.**—Where an unknown party with whom defendant was seen, had possession of liquor, which possession, under Acts 1915, p. 45, was prima facie evidence that he had it for sale or other unlawful purpose, under the evidence in this case, it was a question for the jury whether defendant was present, aiding or abetting such unlawful act.

6. **Same.**—The offense of keeping liquors for sale in violation of the prohibition law is a misdemeanor, and all concerned in its commission are principals.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Emmett Crawley was convicted of keeping prohibited liquors for sale and he appeals. Affirmed.

G. O. CHENAULT, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted, under a charge of violating the prohibition laws, of keeping prohibited liquors for sale.

(1, 2) The original affidavit appears only in the bill of exceptions, and not being set out in the record, under the holding of the Supreme Court, the ruling of the trial court allowing the amendment of the affidavit by the insertion of the word "alias" after the name "Emmett Crawley," cannot be reviewed here.— *Simpson v. State,* 111 Ala. 6, 20 South. 572. The amended affidavit was verified by the person who swore to the original, and there is no merit in the contention that the court was in error in permitting the amendment.—*Dillard v. State,* 137 Ala. 106, 34 South. 851.

(3-5) The evidence on behalf of the state in substance and effect, so far as necessary to refer to for the purposes of this discussion, was that the defendant and another unknown man were seen going to a river landing on the Tennessee river, in or near the town of Decatur, riding together on the defendant's dray (driven by the defendant), between 2 and 3 o'clock on the morning of September 27, 1915. The landing, under the state's evidence, was not a regular landing, but a secluded place. Upon arriving near the landing, the dray was stopped and the unknown person left the defendant on the dray and went down to the bank of the river and got a case of whisky from a boat there in waiting and carried it back to the dray, where the defendant was

[Crawley v. The State.]

engaged in arranging some sheets or canvas covering in the dray. Just as the person with the case of whisky was about to place it on the dray, the officers, who had been watching these maneuvers from a hiding place, made their presence known, and the man with the case of whisky dropped it, ran off, and disappeared in the darkness. The case of whisky contained 48 half pints. The boat from which it had been taken had just landed, having come from the opposite side of the river. Eleven other cases of whisky, each containing 48 half pints, were found in the boat.

The appellant's counsel urgently contends here in brief that the defendant was entitled to the general charge requested in his behalf, and that the trial court was in error that requires a reversal in refusing his motion for a new trial, based on the ground that the verdict was contrary to, or not supported by, the evidence.

It is a primary rule of the law of conspiracy that if two or more persons enter into a combination or confederation to accomplish some unlawful object, any act done by any of the participants in pursuance of the original plan and with reference to the common object is, in contemplation of law, the act of all.—*Amos v. State,* 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682; *Martin v. State.* 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91; *Gibson v. State,* 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96.

The possession of the case of liquor by the unknown person was, under the provisions of the statute, prima facie evidence that he had it in his possession for sale or other unlawful purpose.—Acts 1915, p. 45, § 13. Under the state's evidence, it was proper inquiry for the jury's determination whether the defendant was present for the purpose of aiding, abetting, encouraging, sanctioning, or giving countenance to the unlawful act of the unknown party; and, if so, under the rule of law to which we have called attention, the defendant would also be guilty.—Authorities supra. When two or more parties conspire or combine to commit an unlawful act, each is criminally responsible for the acts of his associates committed in prosecution of the common design. In contemplation of law, the act of one is the act of all, each is responsible for acts of his confederates.— *Williams v. State,* 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133; *Jackson v. State,* 54 Ala. 234. The circumstances proven were such as to afford an inference that the criminal offense contemplated was carried out and completed to the extent that the un-

known person was prima facie guilty of the crime of having in his possession prohibited liquors for sale or other unlawful purpose; and under these evidential facts and circumstances, each of the persons who entered upon this common unlawful enterprise or adventure whether an overt act was done by them or not, is guilty of the offense committed.—*Jones v. State,* 174 Ala. 56, 57 South. 31.

The appellant's counsel strenuously insists that the utmost that the evidence could be said to show as supporting an inference of guilt of the defendant is that he was guilty of transporting, or conspiring to transport, prohibited liquor contrary to law, and that as the state had, on the defendant's motion, elected to prosecute for keeping prohibited liquors, the defendant was entitled to the general charge requested in his behalf. If the conspiracy had for its object the doing of an unlawful act, accompanied by a criminal intent, it is not material what part each conspirator is to play. The state's evidence afforded an inference that the defendant was a coconspirator actually engaged as a fellow participant with the unknown person in carrying out by unlawful means the common purpose of committing the crime, which the statute makes possession prima facie evidence of guilt; and it was of this crime the defendant was found guilty by the jury.

(6) The offense charged was a misdemeanor, and all concerned in its commission, under the law applicable, were principals.—*English v. State,* 35 Ala. 428; *Gratton v. State,* 4 Ala. App. 172, 59 South. 183. Any act contributing to the crime, or encouraging its accomplishment, knowingly done by a party, makes him also guilty of the crime, although he did no overt act; and the question of the defendant's guilt was properly submitted to the jury for its determination. It was properly a jury question (*Jones v. State,* 174 Ala. 53, 57 South. 31); and we do not think, under the familiar rule of law by which a court of review is guided in passing upon the action of a trial court in disturbing the findings of a jury on a motion for new trial on the ground that the verdict is contrary to the evidence, that the ruling of the primary court in denying the defendant's motion constitutes error.

Affirmed.