(86 South. 120)

SMITH v. STATE. (7 Div. 641.)

(Court of Appeals of Alabama. June 8, 1920. On Rehearing, June 30, 1920.)

1. CRIMINAL LAW ☞1083—MOTION FOR NEW TRIAL NOT ENTERTAINED AFTER APPEAL.-

The circuit court had no jurisdiction to entertain a motion for new trial after an appeal had been taken.

2. INTOXICATING LIQUORS ☞238(1) — EVIDENCE INSUFFICIENT TO SUSTAIN CONVICTION.

In a prosecution for a violation of the prohibition law, evidence *held* such as to render it error not to give the affirmative charge.

Appeal from Circuit Court, Talladega County; H. D. Merrill, Judge.

Hugo Smith was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The sheriff of Talladega county and two revenue officers arrested Hugo Smith and Grady Walker as they were driving along a road in a buggy and found some whisky that Grady Walker had thrown out of the buggy. Smith was not seen with any whisky, and Walker testified that he had the whisky in his pocket when Smith caught up with him and when he got into Smith's buggy. There was some evidence tending to show that in the buggy were some grate bars, belonging to an old still that the officers had previously destroyed.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

The corpus delicti was not proven, and the defendant should have had the affirmative charge. 16 C. J. 528, 529, 628, 633; 40 Cyc. 2754, 2757. As to the state's application for rehearing, counsel invoke Supreme Court rule 38 as amended, 83 South. vi.

J. Q. Smith, Atty. Gen., for the State.

Counsel filed no brief on original hearing, but on rehearing insist that defendant had appealed his case before making his motion

for a new trial, and that therefore he was not entitled to have his motion granted, and they cite 105 Ala. 200, 16 South. 693.

SAMFORD, J. After a careful examination of the entire record in this case, the testimony as shown by the bill of exceptions, this court is of the opinion that the trial court erred in refusing to grant to the defendant a new trial as prayed in his motion.

For this error, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

[1] On application for rehearing made by the Attorney General, our attention is called to the fact that the motion for a new trial was made in the court below after the cause had been removed from the circuit court by appeal. That court had no jurisdiction to entertain the motion after an appeal had been taken, and therefore of course, no power to grant it. Hudson v. Bauer Grocery Co., 105 Ala. 200, 16 South. 693; De Bardeleben v. State, 16 Ala. App. 367, 77 South. 979 (opinion).

[2] However, upon a careful consideration of the evidence in this case, we are of the opinion that the affirmative charge should have been given for the defendant, and therefore the application for rehearing is overruled.

Application overruled.