MEINERT ET AL. v. STATE OF INDIANA.

[No. 23,846.   Filed June 23, 1921.]

GAMING.—*Keeping a Place for Gaming.*—*Prisoner in County Jail Conducting a Game of Chance.*—Where a prisoner in a county jail, who, as "cell boss," had supervision and authority over his fellow prisoners in a particular room, placed or directed the placing of tables and invited other prisoners to play poker thereat, and furnished them with cards and took a "rake off" of "a nickel on each pot," he was guilty of keeping a building and a room to be used for gaming.

From Marion Criminal Court (50,814) ; *James H. Berryhill*, Special Judge.

Prosecution by the State of Indiana against William Meinert and others.  From a judgment of conviction, the defendants appeal.  *Affirmed.*

*Holmes & McCallister*, for appellants.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, for the state.

EWBANK, J.—Appellant and three others were jointly indicted upon the charge that they "did then and there unlawfully keep a certain building and a room therein situate to be used and occupied for gaming."  Appellant was found guilty and appealed, assigning as error that the trial court erred in overruling his motion for a new trial.  The only specifications in the motion were that the finding was not sustained by sufficient evidence and was contrary to law.

The uncontradicted evidence showed that throughout a period of months the appellant presided at a table where many persons played with cards a game of chance called "poker," upon the result of which they wagered money, and won and lost the amounts so wagered except a "rake off" of five cents from each "pot," which appellant took out.  And the appellant, as well as all the other witnesses, testified to such facts as clearly

established all the elements of the offense charged, unless it was the element of "keeping" the building and room in which the gaming took place.

The evidence proved, .without contradiction, that all of such gaming took place in a large room in the Marion county jail, in which appellant and the other persons who so engaged in gaming were at all of such times confined as prisoners, serving sentences imposed on them by the federal court for offenses committed against the laws of the United States, and that appellant was at all of such times an "assistant cell boss," appointed by the jailer to assist another prisoner, who was the "cell boss," and that such cell boss and assistant had supervision and authority over their fellow prisoners in that room to see that the room was kept clean and to require them to help scrub, mop and sweep. Witnesses also testified that it was part of the duty of the cell boss and assistant to see that the rules of the jail were complied with and to give information and aid to that end, and that the jailer assembled the men in the room and told them they must do anything appellant told them to, and told appellant in the presence of the other men that he was looking to appellant to see to everything that went on in there; though other witnesses denied part of this latter testimony, and explained the rest so as to give it a restricted meaning. There was no evidence that the officers in charge of the jail knew of the gambling, and the jailer and his deputies denied all knowledge of it.

No authorities directly in point have been cited by counsel for either side, and we have not found any decisions relating to the responsibility of a prisoner for gaming that took place in a jail where he was confined as a prisoner. But we think the evidence that appellant placed or directed the placing of the tables, and furnished the cards, invited the players to use them,

supervised the games, and took the "rake off" of "a nickel on each pot" for the privilege of playing in a room where he had authority over all of the men that engaged in playing there, sufficiently proved that appellant "did keep * * * a room * * * to be used * * * for gaming," even though the room was in the county jail, and he and all of the players who engaged in gaming were confined in that room by authority of law and could not leave it, and the gaming was surreptitiously done without the knowledge of the officers in charge of the jail. *Ransom* v. *State* (1890), 26 Fla. 364, 7 South. 860; *Keife* v. *State* (1916), 14 Ala. App. 14, 70 South. 950.

The judgment is affirmed.