**BEAN v. STATE. (5 Div. 422.)**

(Court of Appeals of Alabama. Dec. 19, 1922.)

**1. Criminal law ☞753(1)—Affirmative charge cannot be given when inference from evidence adverse to requesting party.**

The affirmative charge cannot be given when the evidence affords inference adverse to the party requesting the charge.

**2. Intoxicating liquors ☞238(1)—Where evidence of guilt of accused conflicting, case properly submitted to jury.**

In a prosecution for violation of the prohibition law, where the evidence touching the guilt of accused was conflicting, the case held properly submitted to the jury.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Kellie Bean was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

Mere presence of one where whisky is being made is not evidence of guilt of making, but only of opportunity. 207 Ala. 447, 93 South. 59. Where there is no evidence to warrant a finding that defendant was guilty of manufacturing liquors, the refusal to give the general charge is error. 207 Ala. 447, 93 South. 61.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence tends clearly to establish the fact that defendant had been engaged in making the whisky found at the still, and the general charge was properly refused. 207 Ala. 447, 93 South. 59.

BRICKEN, P. J. An indictment against this defendant was found by the grand jury and duly presented in open court on March

16, 1922. It contained three counts. Count 1 charged that he distilled, made, or manufactured alcoholic, spirituous, or malt liquors contrary to law. Counts 2 and 3 charged him in different phraseology with the offense of unlawfully' possessing a still, etc.

There was a general verdict by the jury of "guilty as charged in the indictment," and from the judgment and sentence predicated thereon this appeal is taken.

The trial proceeded throughout without exception to any of the rulings of the court, and the only insistence of error relied upon to effect a reversal is the action of the court in refusing several written charges requested by defendant. These refused charges are the affirmative charge as to each count of the indictment and as to the indictment as a whole.

[1] The affirmative charge cannot be given when the evidence affords inference adverse to the party requesting the charge. In Pellum v. State, 89 Ala. 28, 8 South. 83, the Supreme Court said:

"The general charge should never be given, when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asks it."

See, also, 17 A. L. R. 929.

Under the rule above announced it is clear that the court committed no error in the refusal of the affirmative charge to this defendant, as there was ample evidence adduced upon the trial of this cause to authorize the jury to return the verdict of guilt.

[2] It appears without dispute that the searching officers found this defendant and another person at a large still near Jemison, in Chilton county, on or about January 13, 1922, and that when the officers approached the still this defendant and the other person ran and undertook to get away, but one of the officers caught this defendant, while the other party escaped. The still was about 200-gallon capacity with a fire under it and with beer or slop boiling on the still at the time; there were eight 60-gallon stands of beer, "fresh fixed up," as stated by the witnesses; also a large quantity of syrup, and five gallons of corn whisky. A number of other articles pertaining to the still and used for the purpose of manufacturing whisky were also found. When first seen by the officers the defendant was within a few feet of the still and was squatting down at the syrup which was in the opening. There was some testimony that the defendant had on his everyday clothes, which were smutty and had still slop or beer all over them.

The defendant admitted his presence at the still, but denied that he had any interest in the still, and testified also that he had not made any whisky, and did not have the still in his possession. He insisted that he was looking for some yearlings and while doing so ran upon the still place, and that shortly thereafter the officers came and found him there. On cross-examination he denied that there was any beer on his clothes, and stated that it was mud on his clothes. Other facts and circumstances were shown by the testimony.

We are of the opinion that from the conflict in the evidence, as above stated, a jury question was presented, and the court properly submitted the case to the jury for its determination. On the one hand, the evidence of the state, if believed by the jury, certainly afforded an inference that the defendant was guilty of participating in the operation of the still, in which at the very time beer or slop was boiling, and nearby there was five gallons of the finished product, corn whisky, in a vessel. The condition of his clothes, showing beer marks and smut, his admitted proximity to the still, and his attempted flight—all this, if unexplained, was sufficient to authorize the jury to render a verdict of guilt.

Of course, on the other hand, if this defendant's statement was true, he should not have been convicted. But as to which was true the jury, and the jury alone, had the right to say, after weighing all the testimony adduced upon the trial of this case.

The record is free from error, and the judgment of conviction appealed from is affirmed.

Affirmed.