(101 So. 505)

**WILLIFORD v. STATE.** (4 Div. 972.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

**1. Criminal law ⊜⟹364(½)—That defendant, prosecuted for violation of prohibition law, was intoxicated admissible as res gestæ.**

In prosecution for violating prohibition law, testimony that defendant at time of arrest was intoxicated *held* admissible as res gestæ.

**2. Criminal law ⊜⟹1137(5)—No reversal for admission of evidence voluntarily brought out by defendant.**

In prosecution for violating prohibition law, conviction will not be reversed for admission of evidence that defendant was convicted and paid a fine for being drunk, where fact was brought out by defendant on cross-examination of state's witness.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

Henry Williford was convicted of violating the prohibition law, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

It is not proper to introduce evidence of an offense different from that for which the defendant is being tried. Peacher v. State, 61 Ala. 22; Gassenheimer v. State. 52 Ala. 313; Johnson v. State, 19 Ala. App. 141, 95

So. 583; Blevins v. State, 204 Ala. 476, 85 So. 817.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The condition of defendant at the time of his arrest was a part of the res gestæ. Johnson v. State, 94 Ala. 41, 10 So. 667; Fonville v. State, 91 Ala. 42, 8 So. 688.

BRICKEN, P. J. [1, 2] In permitting the state, over the objection and exception of defendant, to prove by its several witnesses that at the time of the defendant's arrest he was under the influence of liquor, or was intoxicated, the court did not commit error, as this and other inquiries of similar import related to the res gestæ of the offense, and were therefore admissible. It is true, as contended by appellant's counsel, the fact that this defendant and another had been convicted by a justice of the peace and paid a fine for being drunk was not a proper inquiry on the trial of this case. But, as this matter appears in the record, this fact was brought out by the defendant on the cross-examination of state witness Sam Reeves, and not by the state. No exception was or could have been reserved under this status, and it is elementary that a reversal cannot be predicated upon matters voluntarily brought out by the appellant, and upon which no ruling of the court was invoked. The facts adduced upon this trial were in conflict. A jury question was therefore presented. There was sufficient evidence to support the verdict and to sustain the judgment of conviction. There appears no error in any of the rulings of the court presented for our consideration which would authorize this court to predicate a reversal of this case. The record proper is free from error also; therefore the judgment appealed from must be affirmed.

Affirmed.