(114 So. 423)

**MAY v. STATE. (4 Div. 312.)**

Court of Appeals of Alabama. May 17, 1927.

Rehearing Denied Nov. 8, 1927.

E. C. Boswell, of Geneva, and E. H. Hill and T. M. Espy, both of Dothan, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The charge, by indictment, against this appellant, was the violation of the prohibition laws of the state (Code 1923, §§ 4615–4800) by having whisky in his possession. The defendant interposed a plea of not guilty.

The state's evidence consisted mainly of the testimony of three witnesses, each of whom testified that they saw the defendant drive by a house in which they were secreted, and that a negro standing upon the running board of the automobile driven by defendant stepped off the car, when it slowed up in front of the house, and took from the car driven by the accused a sack containing about 39 pints of whisky; that the negro went into a cane patch, put the whisky down on the ground near the center of the cane patch, and immediately left. The officers stated they went at once and got the sack of bottles containing the whisky, but that they had not seen the negro since. The defendant was arrested that day on the charge. He denied emphatically that the negro took the whisky from the car he was driving. This conflict in the evidence presented a clear-cut issue of fact for the jury. Pending the trial of the case, several exceptions were reserved to the court's rulings upon the admission of the evidence. We have examined each of the exceptions reserved in this connection. They are so clearly free from injurious error no discussion of the points involved is necessary. Two objections were interposed to certain statements made by the solicitor in his argument to the jury. The court overruled the objections, and the defendant in one instance reserved an exception, but did not move to exclude from the jury, in either instance, the alleged objectionable remarks. These questions, therefore, under the prevailing rule, are not presented. The rule is that a mere objection to words already spoken in argument does not reach the evil aimed at. In order to properly present the matter for review, the court must be appealed to to exclude the objectionable argument from the consideration of the jury, failing which there is nothing presented for review by an exception. Lambert v. State, 208 Ala. 42, 93 So. 708.

It appears from this record that the accused was accorded a fair and impartial trial. As stated, the case as a whole presented a question of fact for the jury. No prejudicial error appears in any of the rulings of the court, and, as the record proper is regular in all things, the judgment of conviction in the circuit court will stand affirmed.

Affirmed.

### On Rehearing.

It is now insisted, for the first time, that on the trial of this case there was no evidence that the offense complained of was committed in Houston county. In other words, it is contended that:

"No witness testified in direct terms that appellant was in Houston county at the time the officers say he had the liquor."

This insistence can be of no avail to appellant, for the reason that the point was not brought to the attention of the trial court, as required by circuit and inferior court rule 35. Ray v. State, 16 Ala. App. 496, 79 So. 620. Moreover, there was evidence adduced tending to show that the de-

fendant was in Dothan at the time of the alleged commission of the offense. This court judicially knows that Dothan is an incorporated city, and is situated in Houston county, Ala.

It is insisted by appellant that, under the statute (Code 1923, §§ 4621, 4622), the duty devolved upon the jury, in case of conviction, to assess a fine, and, failing to do so, the court was without authority to sentence the defendant to hard labor for the county. The verdict of the jury in this case was:

"We, the jury, find the defendant guilty as charged in the indictment."

The jury assessed no fine. Thereupon the court sentenced the defendant to hard labor for the county. We are of the opinion that the court was authorized so to do under the provisions of section 5286, Code 1923, which reads as follows:

"When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

We are of the opinion that the judgment entry shows a sufficient adjudication of guilt. The insistence to the contrary on application for rehearing cannot be sustained.

Other questions urgently presented on application for rehearing have had the careful consideration of this court sitting en banc. We find no reversible error, and perforce must hold that the application for rehearing be overruled.