(125 So. 60)
### ROBERTSON v. STATE. (6 Div. 522.)

Court of Appeals of Alabama. May 14, 1929.

Rehearing Denied June 29, 1929.

A. K. Callahan, of Tuscaloosa, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

SAMFORD, J. In passing upon the question of a request for the general affirmative charge, the entire evidence, both for the state and defendant, must be taken into consideration, and, if upon the entire evidence there is no conflict in a state of facts which fails to connect the defendant with the crime charged, the court should so instruct the jury.

But, if there are fair inferences to be drawn from all of the facts and circumstances which tend to prove the defendant's guilt, the affirmative charge is properly refused. Cohen v. State, 16 Ala. App. 522, 79 So. 621.

In the instant case the corpus delicti was proven without dispute; i. e., that prohibited liquors were being transported in quantities of five gallons or more, unlawfully.

■■ The evidence is without dispute that the car being used was rented and was under the control of and was being driven by a man named Travis; that this defendant was a guest of Travis; that he rode with Travis to the home of a friend in the country, where he got out; that Travis drove on and, after being gone two or three hours, came back by where defendant was, and upon his request defendant was allowed to ride back to Tuscaloosa; on getting back to the city two officers overhauled the car, after shooting into it several times, arrested both occupants, and found a ten-gallon keg of corn whisky. Every scintilla of the testimony pointed to the possession and control of the car and the ownership of the whisky in Travis.

The only question for us to decide is whether this defendant aided or abetted Travis in transporting the whisky. The only evidence claimed by the state to connect this defendant with the crime is the fact that when the car was stopped defendant jumped out and "got behind a tree," and on his way to prison after he had been arrested defendant said: "I don't think the courts ought to bother a man like me for selling whisky; I am physically disabled to work." It is perfectly apparent that there is no evidence which would warrant a jury in finding that this defendant was a principal in the crime charged. The question is did he aid or abet in its commission?

An aider or abetter in a crime is one who advises, counsels, procures, or encourages another to commit a crime whether personally present or not at the time and place of the commission of the act. 2 C. J. 1024, note 33. This under the facts in this case was a question for the jury. Jones v. State, 174 Ala. 53, 57 So. 31; Bruce v. State, 22 Ala. App. 440, 116 So. 511.

■ Statements and declarations made by defendant after the commission of the crime, although not amounting to a direct confession, but from which, in connection with other evidence of surrounding circumstances, an inference of guilt may be drawn, are admissible against him as admissions. 16 C. J. 626 (1243) O.

'On this record this court will not overrule the trial court on its ruling on the motion for a new trial. The judgment is affirmed.

Affirmed.