(135 So. 159)

## DOTSON v. STATE.

### 6 Div. 845.

Court of Appeals of Alabama.

Feb. 10, 1931.

Rehearing Denied March 3, 1931.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

■ The indictment against this appellant, and upon which his conviction in this case rested, in proper form and substance charged him with the offense of transporting, in quantities of five gallons or more, prohibited liquors or beverages, etc. The demurrers interposed to the indictment were not well taken and were properly overruled.

Upon the trial the evidence disclosed, without conflict or dispute, that this appellant, and one Bill Wilson, were apprehended and arrested by the officers at night on the highways of Walker county, and at the time the car in which these two men were traveling contained more than twenty-five gallons of whisky.

■ Everything that was said or done at the time and place when these men were arrested was of the res gestæ and evidence thereof was admissible. The numerous exceptions reserved to the court's rulings in this connection were without merit.

■ This case presented a question of fact for the jury to determine from the evidence. Appellant testified in his own behalf, and while he admitted he was traveling in the car with Wilson and that the whisky described by the state witnesses was in the car at that time, yet he strenuously insisted he had no connection therewith and that the whisky was being transported by the other man.

■ Under the law, Acts 1927, p. 704, this offense is a felony and the crime is susceptible of a joint commission by two or more parties; and the law is, all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, are equally guilty and must be indicted, tried, and punished as principals.

The trial court very clearly and forcibly instructed the jury in accordance with the foregoing and also upon every phase of the law governing the issues involved upon the trial of this case, and in so doing it is apparent that every substantial right of the accused was safeguarded and protected.

■ The defendant (appellant) was accorded full latitude to present his every defense, and the duty devolved upon the jury, to weigh the evidence and to accord to it such probative force to which it was entitled. Our opinion is that the evidence was ample to justify the jury in the verdict rendered and to sustain the judgment of conviction pronounced and entered.

Nowhere upon the trial does any ruling of the court appear bordering upon error to a reversal. The record is regular. The judgment of conviction from which the appeal was taken will stand affirmed.

Affirmed.