(134 So. 33)

## GRIGGS v. STATE.

### 4 Div. 635.

Court of Appeals of Alabama.

April 14, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was, upon a trial before the court, sitting without a jury, convicted of the offense of "keeping gaming table." Code 1923, § 4237.

The refusal of the trial judge to allow a trial by jury was not error. Appellant's right to such a trial was waived by his not filing his demand therefor within the time prescribed by law. Code 1923, § 8598.

We have examined every exception reserved on the taking of testimony. There is merit in none of them. Discussion seems useless.

The evidence was ample to support the judgment of conviction. Bibb v. State, 84 Ala. 13, 4 So. 275; Toney v. State, 61 Ala. 1; Minto v. State, 8 Ala. App. 306, 62 So. 376; Keife v. State, 14 Ala. App. 14, 70 So. 950.

There is nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.

(134 So. 33)

## JONES v. WARREN.

### 4 Div. 759.

Court of Appeals of Alabama.

April 16, 1931.

W. H. Merrill, of Eufaula, for appellant.

Andrews & Andrews, of Union Springs, for appellee.

RICE, J.

This is the same case that, on a former appeal, was decided by the Supreme Court. See Warren v. Jones, 219 Ala. 213, 121 So. 519.

No issue has been changed, but the trial, from the judgment following which this appeal is taken, was conducted in all respects in accordance with the law as declared in Warren v. Jones, supra.

Perforce, we are bound by that decision. Code 1923, § 7318. The judgment is affirmed.

Affirmed.