154 So. 609

### CUMMINGS et al. v. STATE.
### 6 Div. 620.

Court of Appeals of Alabama.
May 8, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Justice.

Appellants, tried jointly, were convicted of the offense of transporting prohibited liquor (whisky) in a quantity of five gallons or more. Gen. Acts 1927, p. 704.

■ The testimony, without dispute, showed that the appellants and a third party, who was killed by the pursuing officer, were caught on a public road in a car that contained fifteen gallons of whisky.

Neither of the appellants, it is true, was driving the car; but the circumstances disclosed by the evidence made the guilt, vel non, of each of them a question for the jury's decision. See Dotson v. State, 24 Ala. App. 216, 135 So. 159, certiorari denied Id., 223 Ala. 229, 135 So. 160.

■ The appellants' condition with reference to being drunk or sober at the time of their being apprehended with the whisky was properly allowed to be detailed in the testimony, as being of the res gestæ. Martin v. State, 24 Ala. App. 242, 133 So. 743; Williford v. State, 20 Ala. App. 265, 101 So. 505.

■ It was immaterial as to whether or not the arresting officer had a search warrant. Tranum v. Stringer, 216 Ala. 522, 113 So. 541.

■■ Dying declarations are admissible in evidence only in homicide cases where the death of the declarant is the subject of the charge under investigation. 30 C. J. 260; Allsup v. State, 15 Ala. App. 121, 72 So. 599; Blackburn v. State, 98 Ala. 63, 13 So. 274.

We find no error of a prejudicial nature to have been committed on the trial, or in the proceedings, in either case. Both judgments of conviction are due to be, and are, affirmed.

Affirmed.