27 So.2d 55

## THOMPSON v. STATE.

3 Div. 498.

Court of Appeals of Alabama.

Feb. 19, 1946.

Rehearing Denied June 4, 1946.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

J. Foy Guin, of Russellville, for appellant.

CARR, Judge.

In the court below the appellant was convicted on a charge of possessing illegal liquors.

█ Complaint is made in brief of counsel that the defendant was tried by a jury without having demanded the right. Local Acts 1923, p. 276, Sec. 18. We do not find where any reference was made or point taken of this matter in the nisi prius court. The record, and not brief of counsel, must guide us in determining what questions are presented for review. Ex parte Adams, 187 Ala. 10, 65 So. 514; Walker v. State, 223 Ala. 294, 135 So. 438. See also, Griggs v. State, 24 Ala.App. 261, 134 So. 33.

█ It appears that a Mr. Benson and a Mr. Benford were on the petit jury venire for the week. When the jury was selected to try the case at bar, Mr. Benson's name was stricken, and Mr. Benford was one of the twelve accepted. However, when the jurors were called, Mr. Benson mistakenly took a seat in the jury box instead of Mr. Benford. This being the last case for trial during the week, the judge excused all jurors not engaged in the trial of the case. Mr. Benford got his attendance certificate and returned to the courtroom to wait for someone with whom he expected to ride home.

When the first State's witness had completed his direct and cross examination, appellant's counsel discovered the mistake indicated and made the fact known to the court. He also made a motion for a mistrial. The trial judge denied the motion and called Mr. Benford to take the place of Mr. Benson. Over timely objections and exceptions by appellant's counsel, the court began the case anew to the extent of instructing the jury that it should not consider the testimony taken and requiring the solicitor to restate the charge to which the defendant pleaded not guilty. The State recalled its first witness, and his testimony was again presented. As we view the situation, no injury or harm was visited upon appellant. He was given the privilege of being tried by the jury of his initial choice and selection. The fact that the judge had excused the jurors who were not engaged in the trial of the case did not dispossess him of the authority, under the circumstances, to make the replacement, and this is true even though Mr. Benford thought that he was included among those who were excused.

The only possible unfairness, as we see it, to the appellant was the fact that it necessitated a reintroduction of material testimony against the defendant and thereby, it may be contended, some emphasis resulted. The application of Sec. 98, Title 30, Code 1940, contemplates such a contingency, and the courts have authorized the use and exercise of its provisions. Chiles v. State, 28 Ala.App. 156, 181 So. 128.

█ In the instant case the incident amounted to no more than a correction of an unintentional mistake, and, at most, can only be classed as an irregularity in the selection of a jury; in which event, unless it is shown that the accused was prejudiced thereby, a reversal will not result. 35 C.J., Sec. 297, p. 302; Levy v. State, 49 Ala. 390.

As we construe the record in this case, the prime question presented is whether or not the appellant should have been given, as he requested, the general affirmative charge.

The evidence for the State tends to show that a deputy sheriff was riding in his car along a highway when appellant, also driving a car, passed. Both at the time were travelling at a moderate rate of speed. Archie James was in the automobile with the defendant. Immediately upon passing the officer, appellant increased his speed and a chase ensued. The rapidity of the automobiles reached a rate of about fifty or sixty miles an hour. About a quarter of a mile up the highway, appellant turned into a side road and by a circuitous, and in some parts rough, route finally came to a stop. The officer was in close pursuit and observed, when appellant stopped, that James quickly left the car with a sack and its contents in his hand and ran through a wooded section. The deputy took the motor switch key from the automobile and then tried to catch James. The effort was unsuccess-

ful, but in the chase James broke the jug that was in the sack, and the deputy recovered some of the shattered parts. The sack was also picked up by the officer, and it was saturated with whiskey. Some of the broken portions of the gallon jug contained small quantities of the liquor.

It was also disclosed by the State's evidence that about an hour and one-half prior to the incident just related, James was seen to get in appellant's car at a filling station not very far from the place where the two were later observed on the highway.

James, in giving his testimony, stated in part that about noon of the day in question he was out on the road and possessed a sack that he saw a negro leave by the side of the highway. When appellant came along he "flagged him down" and was afforded a ride. He put the sack in the car, but did not examine it to see what it contained. In fact, he said, he never did know what was in the sack. He also stated that he never discussed with appellant, as they journeyed together, what was the likely content of his package. He denied that he had seen the defendant before during the day. Appellant, as a witness in his own behalf, corroborated his witness James. The former claimed that he left the main highway onto the side road to carry his passenger nearer home. He did not recall passing the deputy sheriff, and he did not increase the speed of his car.

The propriety, vel non, of refusing the general affirmative charge to the defendant in criminal cases has had frequent consideration and treatment by our appellate courts. Each case, of course, presents its own facts, and very few we find that are in factual similarity.

■ The rule, stated generally, is: Whether or not there is any evidence to sustain the charge is a question for the court, but the weight and credibility thereof is for the jury. If, from the facts and circumstances proven, there is presented reasonable inference adverse to the innocence of the accused, the general affirmative charge is properly denied. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604; Bean v. State, 19 Ala.App. 58, 94 So. 781; Pellum v. State, 89 Ala. 28, 8 So. 83.

■ The guilt of the defendant did not depend necessarily upon proof of his ownership of the whiskey. Whisenant v. State, 24 Ala.App. 458, 137 So. 456.

■ The jury must have been convinced by the required degree of proof that the accused had a guilty knowledge of the alleged possession; however, this fact can be established by circumstantial evidence. Kirkland v. State, 27 Ala.App. 376, 172 So. 680.

■ Under the evidence in the case, it was an appropriate inquiry for the jury to consider whether or not the defendant was aiding and abetting in the commission of the alleged offense. This rule of law has often been announced and explained by our courts. Crawley v. State, 15 Ala. App. 327, 73 So. 222; Robertson v. State, 23 Ala.App. 267, 125 So. 60; Sales v. State, 31 Ala.App. 19, 12 So.2d 101.

■ Our considered conclusion is that the defendant was not entitled to the general affirmative charge. The following authorities lend support to our view. Crawley v. State, supra; Robertson v. State, supra; Burt v. State, 14 Ala.App. 125, 72 So. 266; May v. State, 22 Ala.App. 239, 114 So. 423; Cummings et al. v. State, 26 Ala.App. 131, 154 So. 609; Walker v. State, 19 Ala.App. 20, 95 So. 205; Dotson v. State, 24 Ala.App. 216, 135 So. 159; Stearns v. State, 4 Ala.App. 154, 58 So. 124.

So far as the record discloses, the primary court did not commit any prejudicial error on the trial of this cause. The judgment of the lower court is ordered affirmed.

Affirmed.

## On Rehearing.

■ In brief of counsel on application for rehearing it is indicated that we did not make clear our treatment of the first question discussed in the original opinion. It was our intention to hold that the record did not disclose that any objections were interposed to a trial by a jury. The only place the question was raised was in brief of counsel. In the absence of objections

in the nisi prius court, which must appear in the record, we take it that appellant was satisfied with the procedure and is charged with having waived the right of a trial without a jury.

Complaint is made also that we omitted to make reference to the case of Smith v. State, 17 Ala.App. 565, 86 So. 120, which appellant's counsel cited in original brief and which he now says "would seem to be very much on all fours with the case at bar."

In our view of the Smith case, supra, we considered the facts to be so dissimilar to the facts in the instant case that we did not see how any useful purpose could be gained by an analysis of the former. We quote its facts as found in the reporter's recitation:

"The sheriff of Talladega county and two revenue officers arrested Hugo Smith and Grady Walker as they were driving along a road in a buggy and found some whisky that Grady Walker had thrown out of the buggy. Smith was not seen with any whisky, and Walker testified that he had the whisky in his pocket when Smith caught up with him and when he got into Smith's buggy. There was some evidence tending to show that in the buggy were some grate bars, belonging to an old still that the officers had previously destroyed."

We still entertain the opinion that it does not have any factual value to aid us in determining whether or not the affirmative charge should have been given the defendant in the case at bar.

Pending the application for rehearing in this case, the Supreme Court has decided and published the case of Thompson et al. v. State ex rel. Key, Ala.Sup., 25 So.2d 671.[1] The latter was a condemnation proceeding and was submitted on the same testimony taken in the case at bar. The conclusions reached by the Supreme Court support our original opinion on the instant inquiry.

We see no reason or profit for us to extend our remarks on other questions decided in the opinion as first written.

Application for rehearing overruled.

