27 So.2d 42

## TILLISON v. STATE.

### 6 Div. 206.

Court of Appeals of Alabama.

June 4, 1946.

Rehearing Denied June 25, 1946.

Lewey Robinson, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Williard W. Livingston, Asst. Atty. Gen., for the State.

·HARWOOD, Judge.

This appellant was convicted by a jury on a solicitor's complaint charging him with possession for sale of twenty-eight cases of untaxed whiskey without permission of the Alcoholic Beverage Control Board, and with illegal possession of the above mentioned amount of whiskey.

Appellant's counsel states in his brief, and we agree that but for the place where the whiskey was found, the facts in this case are so analogous to the facts in another case against this appellant tried in the lower court immediately prior to this case that the same legal principles govern both cases, except that counsel argues that in this case certain statements made by appellant at the time of his arrest admitting ownership of the whiskey were improperly received in evidence.

Evidence introduced by the State tended to show that a group of officers went to the home of appellant's father with a search warrant. Appellant was not there but was later found at the Club 31, in which he was interested as owner and operator, the club being about 3 miles distant from the premises of his father. He told the officers who found him at the club that it was not necessary that his father be located, that he had the keys to the premises, and that anything that might be found over there belonged to him. When he was brought to his father's premises he told the officers, or some of them, that he had "it" in the barn. Appellant unlocked the barn and the whiskey described in the complaint was found hidden in various places therein.

In the general conversation with the officers during this time appellant also told them he would give them a thousand dollars if they would tell him who had tipped them off, and that then they could come back with a warrant charging him with murder.

 All of the above statements were in our opinion properly received in evidence. All statements made by an accused during the progress of, and immediately prior to an arrest, relevant to the offense charged, are of the res gestae and as such admissible in evidence. Horn v. State, 23 Ala.App. 273, 124 So. 125; Dotson v. State, 24 Ala.App. 216, 135 So. 159.

Further, these statements of the appellant made as above said would have to be supplemented and reenforced with other facts to spell out the offenses charged. They were therefore not confessions whose voluntary character would have to be established prior to their reception as evidence, but were admissions against interest and as such properly received. Reid v. State, 168 Ala. 118, 53 So. 254; Carter v. State, 205 Ala. 460, 88 So. 571; Robertson v. State, 23 Ala.App. 267, 125 So. 60, certiorari denied 220 Ala. 328, 125 So. 61; Morris v. State, 25 Ala. App. 175, 142 So. 685.

No error resulting from the reception in evidence of the above statements, it is our opinion that the opinion in the other case against this appellant (Tillison v. State, Ala.App., 27 So.2d 41 [1]), referred to earlier, and handed down by this court on May 14, 1946, is decisive of all other material questions raised by the record in this case, and that an affirmance of this case is in order.

Affirmed.