(121 So. 502)

**BALLARD v. STATE.** (3 Div. 619.)

Court of Appeals of Alabama. Jan. 15, 1929.

Rehearing Denied Feb. 12, 1929.

E. T. Graham and C. H. Roquemore, both of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of being a "vagrant." There was evidence offered on behalf of the state, tending to show that appellant was a "bootlegger," or was engaged in the "bootlegging business." While a person may, no doubt, engage in "bootlegging" other things, the sale of which is prohibited by law, than "prohibited liquors," as that term has come to be generally understood, yet we entertain no doubt that in this day of progressive prohibition, the court judicially knows, as everybody else knows, that the term "bootlegger" describes, to the common understanding, one engaged in the unlawful sale of "spirituous, vinous, or malt or other intoxicating liquors," as mentioned in paragraph 4 of section 5571 of the Code of 1923, which section defines the various types of vagrants.

The court has read the evidence in this case, sitting en banc, and we are of the opinion that the same amply supports the verdict of guilt returned. The defensive matters offered on behalf of appellant were fairly submitted to the jury, by the court. See Brannon v. State, 16 Ala. App. 259, 76 So. 991.

There appearing nowhere any prejudicial error, the judgment is affirmed.

Affirmed.