(135 So. 653)

**POUNDERS v. STATE.**

**8 Div. 371.**

Court of Appeals of Alabama.

June 30, 1931.

Chas. E. Carmichael, of Tuscumbia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The prosecution originated in the county court upon an affidavit and warrant charging this appellant with the offense of violating the prohibition law by having whisky in his possession. From the judgment of conviction in said court he appealed to the circuit court and was there tried by a jury upon a complaint filed by the solicitor which charged him with the same offense. From the judgment of conviction in the circuit court this appeal was taken.

On the trial in the circuit court the evidence tended to show, by the testimony of three of the state witnesses, that on the night in question this appellant and one Houston were riding in a car driven by appellant, and when accosted by the officers and told to stop, or, "wait a minute," that this appellant reached down in his car and got a quart bottle of whisky and broke it on the door of his car. A portion of the bottom of the bottle did not break but fell on the side of the road, and that part of the bottle had an inch or two of whisky in it when picked up by one of the parties immediately after having been broke. That appellant did not stop, but went on down the road, and was overtaken and arrested by the officers who examined his car and found the door and running board thereof wet with whisky. Appellant denied that he had the whisky and broke the bottle; also denied that his car was wet with whisky as testified to by the several state witnesses. In this he was corroborated by his traveling companion, Houston. This conflict in the evidence made a jury question rendering therefore the refusal of the requested affirmative charge to be without error.

The exceptions to the rulings of the court on the admission of testimony are without merit, as no prejudicial error appears in this connection.

This case appears to have been tried by his honor R. B. Carr, Judge; this is indicated by the indorsements of his name on the refused charges. Yet the bill of exceptions recites that the cause was tried before Honorable J. Fred Jonson, Jr., judge of the Elev-

enth judicial circuit of Alabama, whose name is affixed to the bill of exceptions in approval thereof. No mention is made of these discrepancies by either party on this appeal and will be here disregarded for the reason, as above stated, the case rested upon a question of fact only, and must of necessity be affirmed as no error of a reversible nature prevailed upon the trial.

Affirmed.