38 So.2d 21

**BARNES v. STATE.**

6 Div. 781.

Court of Appeals of Alabama.,

Dec. 14, 1948.

184

J. T. Johnson, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal follows a conviction in the court below on a charge of violating the prohibition law.

The evidence for the State tended to disclose that some officers observed the accused and one Elmer Tanner as the latter two were in a parked automobile on a highway in Blount County. The time was estimated to be about midnight. As the officers approached, the parked car started up and a chase of about three miles ensued. Before the front car could be stopped the appellant threw two cases of beer therefrom. It appears that Tanner was driving, but the car was owned by the appellant.

The accused testified that the beer belonged to Tanner and that he did not know of its presence in his automobile until Tanner directed him to throw it out.

This is only a brief delineation of the tendencies of the evidence, but it will serve for a review of the propriety of the refusal of the general affirmative charge, requested by the defendant.

It is, of course, a legal truism that the offense in question is susceptible of a joint commission by two or more persons. Green v. State, 30 Ala.App. 94, 2 So.2d 324.

It is also well established by the authorities that a conviction does not necessarily depend upon proof of ownership of the prohibited liquor by the accused. Green v. City of Demopolis, 20 Ala.App. 115, 101 So. 529; Boykin v. State, 23 Ala.App. 598, 129 So. 491; Thompson v. State, 32 Ala. App. 402, 27 So.2d 55.

The matter of the propriety vel non of the refusal of the general affirmative charge is often reviewed by our appellate courts. Each case contains its factual is-

sues, and it is seldom found that any two are in exact counterpart. In the instant case we encounter little difficulty in concluding that the affirmative charge was properly denied. The following authorities lend support to our view: Thompson v. State, supra; Dotson v. State, 24 Ala.App. 216, 135 So. 159; Green v. State, supra; Fulton v. State, 24 Ala.App. 356, 135 So. 414; Pounders v. State, 24 Ala.App. 394, 135 So. 653.

The rulings of the court relating to the introduction of evidence are each free from prejudicial error. Only one of these deserves comment.

■ The solicitor asked one of the officer witnesses this: "Do you know whether Mr. Barnes was convicted of violating the prohibition law before? Did you ever arrest him before?" This inquiry, of course, had no place in the trial of the cause and obviously the questions should not have been propounded. No answer was made by the witness. The trial judge was alert to try to remove from the minds of the jury any possible injury to the rights of the accused. He sustained the objections interposed to the questions and promptly and emphatically charged the jury to entirely disregard any impression which the questions may have conveyed. Included in his rather lengthy statement was: "You can't speculate what his answer would have been. In all probability it would have been that there was no former conviction. Anyway, that is not to be considered by you in any way."

We do not think that we would be authorized to predicate error on the denial of the motion for a mistrial.

■ At a place in the solicitor's opening argument to the jury he stated: "He is a bootlegger." From the colloquy that followed, we conclude that reference is here made to the defendant. The court sustained the objection of counsel and in effect instructed the jury somewhat at length to disregard the statement.

Insistence is here made in brief that, despite this action on the part of the trial judge, we should base error because he denied the motion for a mistrial.

We are not unmindful that our appellate courts have declared that some statements of attorneys in argument are so prejudicial in nature and harmful in effect that they cannot be atoned nor removed from the minds of the jury. We do not think, however, that the statement of instant concern comes within this category. Had the objections been overruled, the case of Wilbanks v. State, 28 Ala.App. 456, 185 So. 770, would control.

It may be noted that the appellant's attorney did not request the judge to exclude the statement from the jury. The court gave the instruction, nevertheless. In any event, whatever approach we may make in reviewing the matter, we are clear to the conclusion that the emphatic position taken by the court below was sufficient to remove all injurious import which the assertion may have conveyed.

■ In relation to another point in the solicitor's opening argument, the record discloses:

"Mr. Johnson: We object to that—that his car is subject to condemnation and can be sold. That is not before the jury.

"The Court: That is legitimate argument. Overrule.

"Mr. Johnson: We save it."

It is evident that we are here confronted with the task of reviewing a very fragmentary portion of the solicitor's statement. We presume that reference is made to defendant's car. To be sure, condemnation proceedings could have been instituted under the provisions of Title 29, Sec. 247, as amended by Act of 1947, and Sec. 248, Code 1940. Whether or not the car could have been condemned and sold would have depended upon the judgment of the court on the evidence in that forum.

The solicitor was not authorized to state as a matter of fact that the car was subject to condemnation and could be sold. However, we cannot see how the accused was prejudiced by the remarks. The likelihood of the loss of his property may have inclined the jury to leniency in appellant's behalf. Hardly was it calculated to have the opposite effect. In any event, we entertain the view that Rules of Practice in

Supreme Court, rule 45, Code 1940, Tit. 7, Appendix, has a purposeful application here. We so hold.

When the entire oral charge is taken into account, there is no merit in the insistence that error should be predicated upon the fragmentary portion to which exceptions were reserved. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Johnson v. State, 33 Ala.App. 159, 31 So.2d 667.

With the exception of the general charge which we have treated, only one other written instruction was refused to the appellant. This latter one was substantially covered by the court's oral charge. Title 7, Sec. 273, Code 1940; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

There is no prejudicial error in the record. The judgment of the lower court is ordered affirmed.

Affirmed.