69 So.2d 877

### COSHATT v. STATE.

### 6 Div. 700.

Court of Appeals of Alabama.

Jan. 12, 1954.

Geo. E. Trawick, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of illegal possession of narcotic drugs.

The indictment under which he was tried, omitting the formal parts, charged that "before the finding of this indictment Thomas Coshatt—did possess, sell, furnish, or give away cocaine, opium, morphine, heroin, or isonipecaine contrary to the provisions of Chapter 8 of Title 22 of the Code of Alabama as last amended, against the peace and dignity of the State of Alabama."

Section 255 of Title 22, Chapter 8, Code of Alabama 1940, makes unlawful the possession of narcotic drugs unless possessed under the provisions of said Chapter 8.

A demurrer supported by numerous grounds, was filed to the indictment, and by the court overruled.

■ The offense was clearly, directly, and expressly alleged in the indictment and fairly apprised the defendant of the offense with which he was charged. The demurrer was therefore properly overruled.

The evidence presented by the State tends to show that on October 10, 1952 Mr. J. W. Jones, a detective for the City of Birmingham, went to the Swap Shop in Dolomite, a community in the Bessemer Division of Jefferson County.

Mr. Jones was introduced to this appellant by the operator of the Swap Shop, and after the introduction the appellant asked Jones what he wanted to see him about, to which Jones replied that he wanted to see about a package.

The appellant then told Jones he had the "stuff" with him and produced a cardboard box containing a rather large number of bottles.

After examining each bottle Jones asked the appellant what he wanted for them and appellant stated he would take $1,500. Jones protested that this price was too high and after further conversation a price of $1,250 was agreed upon.

Jones then told the appellant he would have to go into Bessemer to get the money and the two then started to drive to Bessemer in an automobile taking the box of bottles with them. On this trip they were met by prearrangement by other police offi-cers and the appellant was placed under arrest.

Other evidence introduced by the State tended to show that the bottles produced by the appellant contained various types of narcotic drugs which were derivatives or compounds of opium or morphine. It was also shown that these drugs were the same that were stolen from a drug store in Birmingham, the pharmacist in the drug store identifying the bottles by a cost mark she had written on each bottle label.

The pharmacist also testified as to the narcotic qualities of the drugs in the various bottles.

■ The evidence that the bottles of drugs were the same as those stolen from the drug store was properly received in evidence, even though it might tend to show the commission of an offense not charged in the indictment.

This evidence shed light on whether the appellant had lawfully acquired possession of the drugs within the provisions of our narcotic law, a material issue in this prosecution. It was therefore relevant and admissible in this aspect. Snead v. State, 243 Ala. 23, 8 So.2d 269.

The court in charging the jury instructed the jury in part as follows:

"You heard the evidence, and you saw the witnesses. There has been some suggestion of entrapment in this case; therefore it will be proper for me to comment on entrapment. It is the law of this state and of this government, that you can't entrap a man into committing a crime and then prosecute him for it. Now what is entrapment. It is an officer's business to ferret out crime and bring a defendant to court and justice if he can. The mere fact that an officer goes and approaches a man, or is introduced to him, as the testimony tends to show in this case, and offers to buy these articles from him, would not constitute entrapment. If a man or an officer goes out and buys liquor from a bootlegger; that doesn't constitute entrapment. But if an offi-

cer induces a man to go and get possession of some liquor, and then tries to convict him for disposing of it, why that would be entrapment. The testimony in this case is that Mr. Jones went over and was introduced to this man by some third party, whose name I don't recall. And then offered to buy, and entered into negotiations to buy these narcotics. That would not amount to entrapment. So the sole question in this case, Gentlemen is, did he have possession of these articles, and are they narcotic drugs, in violation of the statute which I have just read to you. If he did, why then, of course, he would be guilty, and it is your duty to convict him."

An exception was duly reserved to the above portion of the court's oral charge on the grounds that certain specified parts were a comment on the effect of the evidence without any request therefor.

Section 270, Title 7, Code of Alabama 1940, provides that:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

■ However, it has been held that this section " 'was not intended to abridge the original, inherent power of the court to direct the attention of the jury to undisputed, admitted facts' ", and " 'when the record shows affirmatively that certain facts are clearly shown and not disputed—not made any part of the contention—then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis.' " Vinson v. State, 29 Ala.App. 234, 194 So. 705, 708, and cases therein cited.

■ There is not in this record any evidence tending in anywise to establish the defense of entrapment. Certainly the State's evidence tends to deny such defense. This evidence presented by the State was unchallenged. Thus, the charge of the court related to an undisputed fact clearly shown by the evidence, and presents no valid cause of reversal.

Moreover, we are not persuaded that the portion of the charge excepted to, in view of the clear, abundant, and undisputed evidence of the State, probably injured this appellant in any substantial right. We would not under these circumstances be willing to predicate a reversal on the above instance in any event.

■ The appellant's requested, but refused, written charges, were refused without error in that all of such charges were either covered by the court's oral charge, or were affirmative in nature and properly refused under the evidence, or were abstract, or argumentative, or otherwise faulty.

Affirmed.