133 So.2d 43

Buck DORTCH

v.

STATE.

2 Div. 40.

Court of Appeals of Alabama.

June 27, 1961.

Rehearing Denied Aug. 15, 1961.

Lee B. Williams, Grove Hill, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Dortch appeals from a judgment resting on a verdict finding him guilty of assault with intent to murder. The trial judge sentenced him to five years imprisonment.

On cross-examination the solicitor asked one of Dortch's character witnesses:

"Q. Have you heard people talk about what business he is in? A. I have heard some talk.

\*     \*     \*     \*     \*     \*

"Q. \* \* \* What do they say? A. They say he is making whisky."

In argument the solicitor stated, "And you have a known bootlegger over a period of years." To this defense counsel objected. Whereupon the solicitor rejoined, "Your own witness states that was his reputation."

Whereupon the court overruled the objection.

And at the close of the solicitor's argument, the defense counsel renewed his objection and moved the court for a mistrial. This motion was denied.

In Grimes v. State, 23 Ala.App. 511, 128 So. 120; Wilbanks v. State, 28 Ala.App. 456, 185 So. 770, and Barnes v. State, 34 Ala.App. 183, 38 So.2d 21, 23, we find a line of cases which indicates that the solicitor's applying the term "bootlegger" to a defendant charged, inter alia, with the mere pos-

session of prohibited liquors is prejudicial. In Grimes and Wilbanks, the refusal to direct the jury to disregard such remarks was reversible error. This principle was, in effect, approved in Barnes although there this court was careful to point out the trial judge's corrective charge served "to remove all injurious import."

The claim of Dortch being a bootlegger rests solely upon his repute as to making whiskey. There was no evidence of Dortch handling whiskey as a bootlegger.

■ A bootlegger is a vendor of prohibited liquors, not a distiller. Ballard v. State, 23 Ala.App. 50, 121 So. 502; Grimes v. State, supra. A quick look in Words and Phrases supports this distinction.

The judgment below is due to be reversed and the cause remanded. See authorities in Nix v. State, 32 Ala.App. 136, 22 So.2d 449.

Reversed and remanded.