201 So.2d 63

**Robert E. JORDAN**

v.

**STATE.**

**1 Div. 187.**

Court of Appeals of Alabama.

June 27, 1967.

Thos. M. Haas and John Coleman, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

**22**

PRICE, Presiding Judge.

The indictment charged that defendant "unlawfully did possess pentobarbital sodium, a salt of barbital, against the peace and dignity of the State of Alabama."

The defendant was by a jury convicted of this offense. His sentence was fixed at two years in the state penitentiary.

For the state, John M. Sheppard, a police detective of Mobile, testified he and his partner, a detective named Baxter, saw defendant staggering out in the driveway of the Rogers Taxicab stand and service station at the corner of Bay Bridge Road and Telegraph, in Mobile County. The officers drove around the building and saw that defendant was coming out toward the street. The officers stopped the car and got out. Defendant was two or three feet from the pumps. His eyes were half closed and glassy looking and he "was rearing up and talking loud." The officers arrested him and before they put him in the car, "shook him down and took a match box out of his front pocket." The match box contained "some yellow capsules." The match box and contents were turned over to Dr. Nelson Grubbs. After defendant was taken to the police station three capsules and two tablets were taken from his front pocket. These were delivered to Dr. Grubbs at the same time the match box was given to him. These items were introduced in evidence as State's Exhibits 1 and 2. There was no labeling on either of these exhibits.

Dr. Nelson Grubbs a state toxicologist, testified he submitted the particular items to a chemical evaluation test. His examination disclosed that Exhibit One contained a barbiturate, pentobarbital, which is a salt of barbital. The three capsules, Exhibit 2, contained the same substance as Exhibit 1. The two tablets contained Amphetamine Sulfate. On cross examination Dr. Grubbs stated that all the items submitted to him were barbiturates.

 It is apparent from the record that defendant was arrested for a violation of either Section 120 or 120(1) of Title 14, Code 1940. The search of defendant's person being incident to a lawful arrest, there was no error in the overruling of defendant's objections to the admission of the testimony concerning the search or the items found on his person.

▮ The evidence was sufficient to sustain the conviction. The possession of barbiturates, amphetamines and other stimulating drugs is made a misdemeanor by statute, Title 22, Sections 258(2) and 258 (13), Code 1940. See Schenher v. State, 38 Ala.App. 573, 90 So.2d 234; Ramsey v. State, 43 Ala.App. 617, 197 So.2d 763.

The judgment of the trial court is affirmed but the cause is remanded for proper sentence.

Affirmed but remanded for proper sentence.