265 So.2d 907

**James C. PRYOR**

**v.**

**STATE.**

**1 Div. 147.**

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

Fred F. Smith, Jr., Fairhope, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted in the Circuit Court of Baldwin County for the unlawful possession of certain drugs and sentenced to two (2) years in the penitentiary. He is an indigent and was represented by a court-appointed lawyer in the court below, who represents him on this appeal.

A police officer, Sergeant Ethridge, for the City of Fairhope, testified that on the night of March 30, 1970, he received a telephone call from an unidentified informer that four men in a 1967 Chevrolet were in possession of a part of the merchandise stolen from Holland's Drugstore. This officer said that on prior occasions this source had given him information that had always been reliable. The car was described as being a cream-colored bottom with a black top, bearing tag number 5-20563 and was occupied by James Pryor, Edwin Pryor, Raymond Bradley, and Dale Thomas Boswell. Bradley was the owner and driver of this automobile. The car was first spotted on Section Street in Fairhope and was traveling toward the beach. An off-duty policeman was alerted and instructed to keep the car under surveillance and to notify Sgt. Ethridge when it left the beach. The car stayed at the beach ten or fifteen minutes and when it was leaving, Ethridge was called and he intercepted the car as it turned off Magnolia Street on to Section Street and got the four men out of the car. Two men were in the front seat and two in the back seat. Appellant was in the back seat. After the men were out of the car, Ethridge saw a bottle on the front seat "in open view". He took possession of the bottle and arrested the four men. He put two of them in one police car and the other two in another police car. He instructed the off-duty officer to drive the Chevrolet to the police station.

Ethridge called the Chief of Police, Leo Gilhart, and they went to Arrie S. Godwin, a justice of the peace, and secured a search warrant to search the Chevrolet.

The affidavit in support of the search warrant is as follows:

"STATE OF ALABAMA }
BALDWIN COUNTY. } Mzrch 30, 1970

Before me Arrie S. Gogwin a Justice of the Peace in and for said County, personally appeared James C. Ethridge, who upon oath states that in his opinion and to the best of his information and Narcotics are ill. Drgus (sic.) belief there are prohibited liquors on the person or premises of Raymond Keith Bradley one 1968 Che/5;20563 in Baldwin County, Alabama.

s/ JAMES C. ETHERIDGE (sic.)

Sworn to and subscribed before me this 30 day of March, 1970.

s/ ARRIE S. GODWIN J.P.

STATE OF ALABAMA }
BALDWIN COUNTY. } March 30, 1970

TO ANY OFFICER Of Said State And County:

Proof by affidavit having been made this day before me by James C. Etheridge (sic.) narcotics are ill Drugus (sic.) that prohibited liquors are on

the person or premises of Raymond Keith Bradley You are therefore commanded in the day time or night to make immediate search of the persons, premises, house, out-house, barn, smoke-house, vehicles, automobiles, or any property of the said Raymond Keith Bradley in said County, and if you find *prohibited liquors* thereon to make such disposition of the same as is required by law. (Emphasis supplied)

Witness my hand this 30 day of March, 1970.

ARRIE S. GODWIN, J.P."

The bottle that was on the front seat of the Chevrolet was identified at trial and admitted into evidence over the objections of appellant assigning the following grounds:

"MR. SMITH: Object on the ground no proper predicate has been laid; nothing to show or intimate connection or knowledge on the part of this defendant with anything in the automobile; no proof that it was his automobile. You are not liable for anything in somebody else's automobile.

"THE COURT: Are you adding the ground that it is a product of an illegal search and seizure?

"MR. SMITH: Yes.

"THE COURT: Overrule the objection.

"MR. SMITH: Except."

State's Exhibit No. 1 was labeled "100 Capsules Phenaphen with codeine Phosphate ¼ gr. Phenaphen No. 2", and according to the Reporter's note, "the bottle is about half full of capsules black on one end and yellow on the other."

Omitting the formal parts the indictment charged "before finding this indictment James C. Pryor did unlawfully have in his possession depressant or stimulant drugs, to-wit: codeine sulfate, pheobarbital (sic), codeine phosphate, phenacetin, isonipecaine and methadone hydrochloride, against the peace and dignity of the State of Alabama."

Under the statutory law in force and effect at the time this indictment was returned, the unlawful possession of codeine and phenobarbital constituted a misdemeanor. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234; Ramsey v. State, 43 Ala.App. 617, 197 So.2d 763; Thompson v. State, 44 Ala.App. 414, 211 So.2d 505; Brandies v. State, 44 Ala.App. 648, 219 So.2d 404; Jordan v. State, 44 Ala.App. 21, 201 So.2d 63.

Isonipecaine and methadone hydrochloride are synthetic narcotics and are strong hard drugs. The unlawful possession of these drugs is a felony and on first conviction is punishable by not less than two nor more than ten years in the penitentiary. Title 22, Sections 242 and 255, subsection (b), Code of Alabama 1940; Brandies v. State, supra.

It is, therefore, apparent that the indictment in this case embraces both a felony and a misdemeanor. Appellant was sentenced to two years in the penitentiary, the sentence being for a felony. Felonies and misdemeanors cannot be joined in the same indictment, let alone in the same count. James v. State, 104 Ala. 20, 16 So. 94; Brandies v. State, supra.

Appellant filed a demurrer to the indictment containing five grounds, none of which raised the question of misjoinder of offenses.

The indictment also includes the drug "phenacetin." Phenacetin is a pain reliever and is one of the ingredients in empirin, which can be purchased over the counter without a prescription. Among the drugs in the glove compartment of the automobile was a bottle of A.P.C., which are tablets containing aspirin, phenacetin, and caffeine, and a prescription is not required for this medication. Appellant was, therefore, indicted for the unlawful possession of a lawful drug, viz. phenacetin.

■ A search of appellant's person did not reveal any incriminating evidence tending to link him with the possession of these drugs or to show that he had any knowledge that this bottle was in the car. The rule of constructive possession did not run to him. He did not own the automobile. He was on the back seat of the car and two other men were in the front seat where the bottle of capsules were found after all four occupants were evacuated.

A case squarely in point is Parks v. State, 46 Ala.App. 722, 248 So.2d 761, wherein this Court said:

"The offense of possession of illegal drugs is susceptible of joint commission. Green v. State, 30 Ala.App. 94, 2 So.2d 324; Gunnells v. State, 21 Ala.App. 648, 111 So. 320. Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Thompson v. State, 32 Ala. App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra.

"The proof introduced by the state showed that the accused was a passenger sitting on the right side of the front seat of an automobile being driven by another. The police testified they stopped the automobile because, 'The vehicle was driving all over the road.' The driver was placed under arrest for driving while intoxicated. There was no evidence of any incriminating statement by the accused, nor evidence of attempted flight after the detectives determined that the automobile contained narcotics. In our opinion, mere presence of a defendant in an automobile is not sufficient to establish the requisite knowledge of the presence of the drugs or to prove defendant guilty of aiding and abetting in the illegal possession. The defendant was entitled to have granted his motion to exclude the state's evidence. Hudson v. State, 249 Ala. 372, 31 So.2d 774; Davis v. State, 40 Ala.App. 609, 119 So. 2d 236; Rikard v. State, 31 Ala.App. 374, 18 So.2d 435; Farmer v. State, 19 Ala.App. 560, 99 So. 59; People v. Foster, 115 Cal.App.2d 866, 253 P.2d 50.

"Cases in this jurisdiction which have previously dealt with the issue of sufficient evidence to justify a finding of guilty knowledge of an illegal substance in a vehicle or on premises of the accused, where constructive possession is relied upon, are readily distinguishable as involving facts and circumstances in addition to the mere presence of the accused. See Thomas v. State, 37 Ala. App. 179, 66 So.2d 189; Womack v. State, supra; Barnes v. State, 34 Ala. App. 183, 38 So.2d 21; Thompson v. State, supra; Green v. State, supra."

There was no proof that Holland's Drugstore had been burglarized and pharmaceutical drugs stolen possessing the same chemical compound as the drugs in State's Exhibit No. 1.

In Coshatt v. State, 37 Ala.App. 422, 69 So.2d 877, a prosecution for illegal possession of narcotic drugs, this Court said:

"Other evidence introduced by the State tended to show that the bottles produced by the appellant contained various types of narcotic drugs which were derivatives or compounds of opium or morphine. It was also shown that these drugs were the same that were stolen from a drug store in Birmingham, the pharmacist in the drug store identifying the bottles by a cost mark she had written on each bottle label.·

"The pharmacist also testified as to the narcotic qualities of the drugs in the various bottles.

"[2] The evidence that the bottles of drugs were the same as those stolen from the drug store was properly received in evidence, even though it might

tend to show the commission of an offense not charged in the indictment.

"This evidence shed light on whether the appellant had lawfully acquired possession of the drugs within the provisions of our narcotic law, a material issue in this prosecution. It was therefore relevant and admissible in this aspect. * * *"

Officer Ethridge testified that each of the four occupants of the Chevrolet were searched one by one in the Chief's office in an effort to find the key to the glove compartment. In the process of this search one of the men took the key out of his pocket and put it on the window sill. Appellant objected to what one did whereupon the following occurred:

"MR. SMITH: Object to what one did.

"THE COURT: I just as well, at this time, tell you I am going to overrule the objection because I look on this as a joint enterprise and if the jury does when we get through here —I think it is a matter they have to consider.

"MR. SMITH: I don't go on joint ventures or joint enterprises myself when I ride with my wife and other people. Until you show a conspiracy for the District Attorney to be allowed to take a shot-gun blast—

"THE COURT: If if you call this a shot-gun blast—

"MR. SMITH: It is the biggest I have ever seen, but they have not hit a turkey, yet and I except."

This remark coming from the Court, in the presence and hearing of the jury, could have no other effect than if he had said to the jury, "I look on this whole thing as a joint enterprise and if the jury agrees with me then we are all of one accord as respects the guilt of the defendant."

In Bolton v. State, 23 Ala.App. 470, 127 So. 255, this Court said:

"Whatever the court's opinion may be, of the impression a jury may be getting from the testimony of any certain witness, yet it is a matter solely for the jury, and the court should scrupulously refrain from injecting the tremendous weight of its office to influence the jury one way or the other. * * *"

As said by Judge Bricken in Dennison v. State, 17 Ala.App. 674, 88 So. 211:

"That a trial judge wields a great influence upon the jury cannot be questioned, for it is their duty to follow his instructions as to the law. * * *"

■ The statement of the trial court in the instant case was invasive of the province of the jury and can be fairly construed as passing on appellant's guilt which requires a reversal and remandment of this case. Neal v. State, 36 Ala.App. 156, 54 So.2d 613; Nix v. State, 40 Ala.App. 357, 114 So.2d 286; Williams v. State, 34 Ala. App. 253, 39 So.2d 29; Holland v. State, 24 Ala.App. 199, 132 So. 601; Powell v. State, 20 Ala.App. 606, 104 So. 551; Moulton v. State, 199 Ala. 411, 74 So. 454.

The search warrant was introduced into evidence over appellant's objections that it is not supported by a sworn affidavit, is not based upon probable cause, is not a warrant charging this defendant with anything, it is a warrant charging Raymond Keith Bradley with an offense.

■ The affidavit made the basis of the search warrant issued by the Justice of the Peace wholly fails to meet the tests prescribed by the Supreme Court of the United States in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 and the cases from our own courts. Clenney v. State, 281 Ala. 9, 198 So.2d 293; Knox v. State, 42 Ala.App. 578, 172 So.2d 787; Tyler v. State, 45 Ala.App. 155, 227 So.2d 442; Brandies v. State, 44 Ala.App. 648, 219 So.2d 404.

470

The affidavit which Sgt. Ethridge submitted to the Justice of the Peace goes on to state "that in his opinion and to the best of his information and belief there are prohibited narcotics on the person or premises of Raymond Keith Bradley one 1968 Che/5;20563 in Baldwin County, Alabama."

The affidavit does not allude to a reliable informer whose past information has always been reliable. Affiant does not say what facts and circumstances he had in his possession, and which he imparted to the magistrate, to justify the conclusion (1) that the narcotics to be searched for were where he claimed they were, and (2) that the hearsay was reliable and the informant was credible. These are the *very* minimum requirements under our cases when swearing out search warrants.

In Clenney v. State, 281 Ala. 9, 198 So. 2d 293, the Supreme Court said:

"[3] The affiant must state evidence, other than hearsay, to justify a conclusion that the article to be searched for is where he says it is. The affiant must state evidence, other than hearsay, to justify a conclusion that the hearsay is reliable. Such seems to be the rule stated in Aguilar v. State of Texas, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723."

See also Ex Parte State of Alabama ex rel. Attorney General. In re Davis v. State of Alabama, 286 Ala. 117, 237 So.2d 640.

The affidavit is conclusory only and does not set forth a single underlying fact and circumstance to denote probable cause. The search of the locked glove compartment of the automobile following the issuance of this void search warrant was illegal and the fruits of the search were inadmissible upon the trial of appellant and this conviction cannot stand.

In Williams v. State, 22 Ala.App. 425, 116 So. 413, this Court said:

"Until the state had produced some evidence tending to connect the defendant with the commission of the offense charged, the defendant was not called upon to interpose any defense, for under his plea of not guilty the burden rested upon the state to prove his guilt beyond a reasonable doubt and to a moral certainty. The presumption of innocence, which is evidentiary in its nature attended this defendant upon the trial of this case and throughout said trial or until the evidence proved his guilt under the above measure of proof. There was no such evidence in this case, and none to connect the defendant with the commission of the offense. * * *"

Upon completion of the state's case, defendant moved to exclude the evidence and reserved exception to the refusal of the court to grant the motion. The motion should have been granted, and there was also error in refusing the general affirmative charge to defendant which was requested in writing. Sheridan v. State, 43 Ala.App. 239, 187 So.2d 294; Brandies v. State, supra.

Nelson E. Grubbs, State Toxicologist, testified for the State and identified certain drugs that were delivered to him by the Chief of Police of the City of Fairhope. His qualifications as an expert witness were not proved by the State, nor admitted by the defendant. He was allowed to give an opinion that the drugs delivered to him were dangerous drugs. Appellant objected to this opinion testimony on the ground that it was not shown that the witness was qualified to render such an opinion. However, the objection came after the witness had answered and was too late. On another trial the qualifications of Mr. Grubbs should be proved by the State.

For the several errors hereinabove mentioned, this cause is due to be reversed and remanded.

Reversed and remanded.

CATES, P. J., and ALMON and TYSON, JJ., concur.