TYSON, Judge.
Thomas William Coder was indicted for unlawfully possessing a controlled substance, to-wit: cocaine, in violation of § 20-2-70, Code of Alabama 1975. The appellant waived his right to a jury trial. The trial judge found him “guilty as charged in the indictment.” The appellant was sentenced to two years’ imprisonment in the state penitentiary, which was suspended, and he was placed on probation.
On November 16, 1985, Sgt. Charles Gailes, Jr., an employee of the University of Alabama Police Department was working as a security guard at a fraternity house located in Tuscaloosa, Alabama. Around 11:45 P.M. Gailes was walking through the wooded lot on the north side of the fraternity house. As he was walking through the lot, Gailes noticed two males leaning against an automobile about 15 to 20 feet away.
Gailes testified that his attention was first attracted to the two males because one male was leaning over the hood of the car from the passenger side “making a kind of waving motion over the hood of the car.” (R. 7) This male was later identified as Jeffrey Brown. Gailes also heard a scraping sound.
Gailes stopped and continued to observe the two males. The other male, later identified as this appellant according to Gailes, was leaning with his back to the automobile and “he was looking in several directions.” (R. 7) When two females walked past the vehicle, the appellant turned toward Brown who then turned his back to the car. The appellant and Brown acted like they were conversing until the two females walked by. After the females were approximately 25 feet beyond the automobile, Brown resumed what he was doing on the hood and the appellant remained leaning with his back against the vehicle. The appellant and Brown were standing shoulder to shoulder, approximately six inches apart. During this time Gailes stated that the appellant would “look right and look ahead and turn toward Brown and he’d look off in this direction.” (R. 31). Gailes indicated the appellant may have been acting as a lookout.
About 10 to 12 seconds after Brown resumed his activities, a loud radio transmission came over Gailes’ walkie-talkie. The appellant and Brown looked in Gailes’ direction, paused and then Brown “made a swiping motion across the hood of the car.” (R. 10).
Gailes moved toward them, pulled Brown from the hood of the automobile and radioed for backup help. On the hood of the vehicle Gailes saw a white powdery substance and a razor blade. Laboratory analysis revealed traces of cocaine on the razor blade. A small plastic bag containing a white powdery substance, later identified as cocaine, was found on the ground by the passenger side front wheel. Gailes testified the appellant remained leaning against the car while all of this occurred.
After reading them their Miranda rights, Gailes searched the appellant and found a dollar bill in the right front pocket of his pants. The dollar bill was “rolled up length wise, rolled up very tightly to appear to be like a tube or straw” with a hollow area through the middle. (R. 15). After looking at the bill, Gailes returned it to the appellant. When Gailes was asked why he returned the dollar bill he stated, “[a]t that particular moment, sir, I did not *1373 realize the significance of what it was.” (R. 14).
Sgt. Terry Pennington, a narcotics agent for the Tuscaloosa Police Department, spoke to the appellant during the early morning hours of November 17, 1985. Pennington transported the appellant to the West Alabama Narcotics Unit where, after reading the appellant his Miranda rights, he took a statement from him. Pennington testified the appellant told him, “he and Brown had been at a party and that they had gone outside to do a couple of lines of coke” and he [the appellant] said he knew Brown had the cocaine.” (R. 45). Pennington’s knowledge of the appellant’s statement was based on the incident report he made and his own recollection of the incident.
Pennington, who has been involved in the investigation of drug offenses for approximately seven years, testified rolled currency is one tool that can be used for inhaling cocaine.
Jeffrey Brown was called by the appellant to testify. Brown admitted pleading guilty in Tuscaloosa Circuit Court to possession of cocaine involving this incident. Brown stated he brought the cocaine with him when he came from Delaware to visit the appellant. Brown testified that, prior to going outside the fraternity house, he had not told the appellant about the cocaine and the appellant had not seen it. When they reached the car Brown stated he showed the cocaine to the appellant. (R. 57). Brown admitted the razor blade belonged to him. When asked if the appellant warned him about the two females approaching, Brown said, “[h]e [the appellant] may have warned me but I can’t remember one way or another.” (R. 69). Brown testified “it was obvious what I was doing. He’s [the appellant] not stupid; he knew what I was doing, but I hadn’t offered him any.” (R. 59-60). Brown also stated the appellant had not asked for any cocaine and had not indicated in any way he wanted to participate. Brown also admitted the appellant did not indicate he wanted nothing to do with the cocaine. Brown acknowledged he and the appellant had been friends for at least 15 years.
The appellant testified he did not have any drugs in his possession when Brown came to visit him. The appellant stated he did not know Brown had any cocaine on his person before they were beside the car where this incident took place. Brown had suggested they leave the fraternity house to go outside to the bathroom.
The appellant estimated that a couple of minutes elapsed between the time Brown emptied the bag of cocaine on the hood of the vehicle and the time they heard the transmission over Gailes’ walkie-talkie. The appellant admitted to having a “crumpled” up dollar bill in his pocket but stated it was not rolled. (R. 81). The appellant stated he usually kept his money in his wallet. The appellant denied acting as a lookout for Brown. On cross-examination the appellant testified he did not make a statement to Pennington about doing a couple of lines of coke. The appellant testified he did not ask and did not intend to share the cocaine Brown had.
I
The appellant contends the evidence before the trial court was insufficient to support a finding that the appellant was in constructive possession of the cocaine.
This court in German v. State, 429 So.2d 1138, 1141-1142 (Ala.Crim.App.1982) cert, denied, 429 So.2d 1138 (Ala.1983), quoting United States v. Staten, 581 F.2d 878, 883-884 (U.S.App.D.C.1978) stated:
“The possession vital to the convictions under review may, in familiar language, be either actual or constructive. It thus is unnecessary to show that the accused had the drug on this person or within his immediate reach; it is enough that he ‘was knowlingly in a position or had the right to exercise dominion and control over’ it, either directly or through others. Possession in that sense suffices though it is jointly shared, and it may be established by circumstantial as well as direct evidence.
* * * * * *
*1374 “Several usable guidelines emerge from the decided cases. Mere presence of the accused on the premises, or simply his proximity to the drug, does not itself enable such a deduction. Nor is mere association with another, standing alone, enough even when the other is known to possess the drug. But, as has frequently been held, presence, proximity or association may establish a prima facie case of drug-possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part.”
German v. State also stated:
“Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied with testimony connecting the accused with the incriminating surrounding circumstances.” (emphasis added)
The following evidence presented by the State established the appellant had constructive possession of the cocaine:
(1) The appellant was standing shoulder to shoulder (about six inches apart) with Brown who was lining the cocaine for inhalation.
(2) Gailes’ testimony that the appellant was leaning with his back against the car and was looking in several directions. When two females walked near the appellant and Brown, Gailes observed the appellant turn toward Brown, then they both turned their backs to the vehicle and appeared to act like they were conversing until the females walked past. This seems to show the appellant was the lookout for Brown.
(3) The appellant’s statement to Pennington that “he and Brown had been at a party and that they had gone outside to do a couple of lines of coke.”
(4) When Gailes searched the appellant Gailes found in his pocket a tightly rolled up dollar bill with a hollow area through the middle. Pennington stated that rolled up currency is one of the tools that can be used for inhaling cocaine.
(5)Cocaine was found on the razor blade which was on the hood of the automobile. A small plastic envelope containing cocaine was found on the ground where the appellant and Brown were standing.
The appellant’s proximity to the cocaine, along with the evidence connecting the appellant with the incriminating circumstances, was sufficient to support a finding of constructive possession. Lack of ownership by the appellant of the car or the property where the vehicle was located would not abrogate the appellant’s constructive possession of the cocaine at issue. The trial court correctly determined this issue. (Authorities cited).
II
The appellant maintains the evidence before the trial court was insufficient to support a finding that the appellant had knowledge of the cocaine.
“Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under The Alabama Controlled Substances Act. Walker v. State, 356 So.2d 672 (Ala. 1977). Such guilty knowledge may be established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675 (Ala. Cr.App.), cert, denied, 356 So.2d 677 (Ala. 1978). It may be proved by evidence of acts, or conduct of the accused, from which it may be fairly inferred that he knew of the existence of the narcotics at the place where they were found. Walker, 356 So.2d at 676. Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973). Proof of constructive possession alone will not justify a conviction. Cook v. State, 341 So.2d 183 (Ala.Cr.App. 1976); Coker v. State, 25 Ala.App. 191, 143 So.206 (1932).
* * * * * *
*1375 “When the accused does not have the exclusive possession of the premises where a controlled substance is found, some other corroborating circumstance must exist before he can be convicted of illegal possession. This is clearly demonstrated in the situation where drugs are found in an automobile ooeupied by several persons. The mere presence of an accused in an automobile containing drugs is not sufficient to establish that the accused had knowledge of their presence. Roberts v. State, 349 So.2d 89, 91 (Ala.Cr.App.), cert, denied, 349 So.2d 94 (1977); Parks v. State, 46 Ala.App. 722, 724, 248 So.2d 761 (1971); Pryor v. State, 48 Ala.App. 465, 265 So.2d 907 (1972).”
Temple v. State, 366 So.2d 740, 741-742. (Ala.Crim.App.1978); See Wesenberg v. State, 504 So.2d 328 (Ala.Crim.App.1986), cert, denied, 504 So.2d 328 (Ala.1987).
The evidence set out in section I of this opinion, along with the following evidence presented by the State, established the appellant had knowledge of the presence of the cocaine:
(1) Pennington testified the appellant told him “he knew Brown had the cocaine.” (R. 45).
(2) While the appellant was standing six inches away, Brown made waving motions and scraping sounds.
(3) The appellant did not leave or attempt to stop Brown from preparing cocaine.
(4) Brown’s testimony that “it was obvious what I was doing. He’s [the appellant] not stupid; he knew what I was doing, but I hadn’t offered him any.” (R. 60).
The evidence in this case does support the determination that the appellant had knowledge of the presence of the cocaine.
Ill
The appellant argues that, in order to convict for possession on circumstantial evidence, the evidence of all rational conclusions except the appellant’s guilt must be excluded.
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.”
Cumbo v. State, 368 So.2d 871, 874 (Ala. Crim.App.1978), cert, denied, 368 So.2d 877 (Ala.1979).
In reviewing the facts, we find there was sufficient evidence from which the factfinder could have excluded every hypothesis except that the appellant was guilty of possession of cocaine.
For the reasons herein stated the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.